# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| WINNE MANNA | § |
| | § |
| V. | §     NO. A-18-CV-489-RP |
| | § |
| ROSS DRESS FOR LESS, INC. | § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Relief from Final Judgment Pursuant to Civil Rule 60(b) (Dkt. No. 23); and Defendant's Response (Dkt. No. 24). The District Court referred this motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

This is a personal injury slip and fall case. Plaintiff Winne Manna alleges she was injured in May of 2016 when she slipped on an item on the floor in a Ross Dress for Less Store. This case was removed from state court to federal court on June 7, 2018, on the basis of diversity. Ross Dress for Less, Inc., filed a motion for summary judgment on March 21, 2019. Manna failed to file a response. The district court granted the motion on July 12, 2019. In granting the motion for summary judgment, the district court found that Manna's claim was a claim for premises liability, and as such she had to establish that Ross had actual or constructive knowledge that the injury-causing item was on the floor. The district court found that, "given the complete absence of evidence from which a factfinder could reasonably conclude that Ross had actual or constructive knowledge of the dangerous condition, Ross is entitled to judgment as a matter of law." Dkt. No. 21 at 5 (citations omitted). The district court entered a Final Judgment on July 12, 2019. Dkt. No. 22.

Manna now moves to set aside that judgment pursuant to Rule 60(b). She argues that her failure to file a response to the motion is a result of excusable neglect, as her counsel did not believe a response was required when opposing counsel had not set the motion for a hearing. Manna asserts that she would have succeeded on the merits of the motion if she had filed a timely response, and offers evidence in support. Additionally, Manna relies on the affidavit of her counsel, Scott Ogle, explaining that the fact he did not believe a ruling on the motion was possible without a hearing, constitutes "new evidence" discovered after the entry of summary judgment.

Ross responds that Manna's evidence is not "newly discovered" under Rule 60(b), but rather was already in existence, was already before the Court, or is newly created evidence. Ross asserts that Manna's counsel's ignorance of the Federal Rules of Civil Procedure and Local Rules for the Western District of Texas do not warrant setting aside its judgment. Additionally, Ross argues that the district court ruled based upon the evidence before it and did not grant its motion as unopposed.

## II. RULE 60(b) STANDARD

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citations omitted). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018) *adopted* 2019 WL 202325 (N.D. Tex. Jan 15, 2019). Manna's motion relies on the first two grounds permitted by Rule 60(b): excusable neglect and newly discovered evidence.

### III. ANALYSIS

**A.     Excusable Negelct**

Manna asserts that her failure to file a response to Ross's motion for summary judgment was a result of her counsel's misunderstanding of the need to file a response, in light of the fact that the parties were negotiating a settlement and opposing counsel had not set the motion for a hearing. A movant who seeks relief under Rule 60(b)(1) retains the burden of "establishing mistake or excusable neglect." *Cartman v. Hunt County Texas*, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015). The Fifth Circuit has explained that relief for excusable neglect requires "that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) (quoting 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2858). The Circuit has further held that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief," and it would be an abuse of discretion for a district court to "reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Manna relies on her counsel's affidavit in support of her motion. In that affidavit, counsel states "I mistakenly believed that the federal rules provided that a hearing on a summary judgment

3

motion must be set before the court can rule on the motion . . . . I misapprehended that an answer to the summary judgment was not yet required." Dkt. No. 23 at 13. This Court's Local Rules, available on the public website, provide:

> (e)   Responses.
>
>   (1) Generally. Any party opposing a motion shall file a response and supporting documents as are then available. The response must contain a concise statement of the reasons for opposition to the motion and citations of the legal authorities on which the party relies.
>
>   (2) Time Limits. A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . . .
>
> (h) Oral Hearings. A movant or respondent may request an oral hearing. The allowance of an oral hearing is within the sole discretion of the court.

Rule CV-7, Local Court Rules of the Western District of Texas. Counsel's "misapprehension" of the Local Rules of the Western District of Texas does not constitute excusable neglect and is not a reason to grant Manna's Rule 60(b) motion. To the extent Manna asserts that her counsel relied on ongoing settlement negotiations as negating a need to timely respond to Ross's motion for summary judgment, that argument is incorrect. The settlement negotiations upon which she relies occurred in May of 2019—many weeks after the April 4, 2019, response deadline. It was not Ross's counsel's duty to inform Manna's counsel of the need to file a response or a motion to extend time to respond. Manna's Rule 60(b)(1) arguments fail as she cannot establish excusable neglect.

**B.    Newly Discovered Evidence**

Manna is likewise not entitled to relief under Rule 60(b)(2). To obtain relief under Rule 60(b)(2), the movant must demonstrate that new evidence exists, that she exercised due diligence in obtaining it, and that it is "material and controlling and clearly would have produced a different result if presented before the original judgment." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995). The alleged "new evidence" Manna relies upon is: (1) a copy

of Manna's deposition testimony; (2) Manna's Rule 26 Disclosures; and (3) the affidavit of Scott Ogle, Manna's attorney. As Ross points out, none of these materials qualify as "new evidence" that "would have produced a different result." *Id.*

With regard to Manna's deposition testimony, all the pages cited by Manna, with the exception of page 84, were attached to Ross's motion for summary judgment and considered by the court in ruling on the motion. This evidence does not qualify as "new." With regard to page 84 of the deposition, that evidence, although not before the court when it ruled on the motion for summary judgment, is also not "new" because it was available to Manna prior to the motion being filed. *See, e.g., Gov't Fin. Servs. One LP v. Peyton Place, Inc.*, 62 F.3d 767, 771–72 (5th Cir.1995) (no Rule 60(b)(2) relief where the movant failed to show lack of prior access to supposedly "new" documents). Evidence qualifying as "newly discovered" must be discovered after issuance of the underlying judgment. *See Longden v. Sunderman*, 979 F.2d 1095, 1102–03 (5th Cir. 1992). This evidence was not.

Even considering page 84, Manna's only meaningful testimony on that page is that "I do not work overtime now, just regular hours." Dkt. No. 23 at 24. As stated above, the district court found that, "given the complete absence of evidence from which a factfinder could reasonably conclude that Ross had actual or constructive knowledge of the dangerous condition, Ross is entitled to judgment as a matter of law." Dkt. No. 21 at 5. Because Manna's testimony about the effect of her injuries on her ability to work has no relationship to the court's analysis in granting summary judgment, page 84 is not only not "new," it is not material and would not have changed the result had it been before the court. Similarly, Manna's Rule 26 disclosures, made well before the motion for summary judgment was filed, do not qualify as "new," and also only address her injuries and damages. These disclosures are irrelevant to the court's determination that Ross had no actual or constructive knowledge of the dangerous condition as required to make out a premises liability

5

claim. Therefore, not only do the disclosures not qualify as "new' they also do not meet the materiality requirement.

As to Mr. Ogle's affidavit, explaining why he failed to file a response to Ross's motion for summary judgment, this is not the type of evidence contemplated by Rule 60(b)(2). Ogle created the affidavit after the court granted Ross's motion for summary judgment. *See FM Industries, Inc. v. Citicorp Services, Inc.*, 2008 WL 4722086 (N.D. Ill. Oct. 21, 2008) (a document created after a summary judgment ruling was "newly created for purposes of litigation" and therefore could not be deemed "newly discovered" evidence within the meaning of Rule 60(b)(2)). Moreover, Ogle's affidavit is not material to Manna's case. Ogle's affidavit is related to his handling of the case, and not to Manna's personal injury case itself, which the district court decided based on a failure to produce evidence that Ross had actual or constructive knowledge of the alleged premises defect. Manna has not carried the necessary burden for the court to grant of relief pursuant to Rule 60(b)(2).

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Relief from Final Judgment Pursuant to Civil Rule 60(b) (Dkt. No. 23). The Court further directs that the Clerk remove this case from the docket of the undersigned and return it to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo*

review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE